JOHN HUNTER, RESPONDENT, *v.* JOHN H. STARIN, APPELLANT.

26  529
132a  84
26h  529
165a  387

*Ejectment—where neither party can prove a title, the one claiming under the first possessor may recover—facts insufficient to establish adverse possession may be sufficient to show a possession sufficient to support a title as against third persons.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action, by the court without a jury.

This action is ejectment to recover two small islands in Long Island Sound, at the mouth of New Rochelle creek. The islands remained unimproved till the spring of 1880, when the defendant entered upon them, erected buildings thereon, and connected them with a larger island now known as Glen Island, formerly called Davenport or Locust Island. The title to this latter island is conceded]y in the defendant. The defendant both put in issue the plaintiff's title and also set up title in himself.

The court at General Term, after holding that the defendant had failed to establish any title to the islands in himself, said: " This brings us to the question of the plaintiff's title. The defendant's claim that the plaintiff must recover in ejectment on the strength of his own title, and not on the weakness of that of the defendant, is doubtless true. But it is subject to this qualification, that where no legal title is shown by either party, the party showing the prior possession in himself or those through whom he claims, will be held to have the better right. Such prior possession is a sufficient title to enable a party to recover in ejectment against an intruder and even against one whose claim of title is founded on a later possession. ( *Whitney* v. *Wright*, 15 Wend., 171; Tyler on Ejectment, 72.) This is necessarily the rule, for it rarely happens that in the older parts of the country one can trace his title by an uninterrupted chain to its original source. \*    \*    \*    \*

" Possession under it (the deed to him) will entitle him (the

plaintiff) to prevail in this action. Without reviewing in detail the evidence of such possession, we find that the plaintiff and the elder Hunter exercised dominion and control over the islands. They cut sedge and wood from it. It is urged by the defendant that the facts proved are insufficient to constitute an adverse possession in the plaintiff, and numerous cases are cited to establish this contention. I think defendant is correct, and the finding of the court below of an adverse possession erroneous.

"But I think there is a plain difference between the possession, which will bar the true owner of his title, and commonly called 'adverse,' and the possession which is sufficient to support a title as against third parties. I think the cases cited recognize this distinction. In *Smith* v. *Burtis* (6 Johns., 197), the plaintiff claimed title by adverse possession. KENT, Ch. J. says: 'We may infer title from his ten years' possession sufficient to put the tenant upon his defense, but we ought not to *infer* a tortious entry or an actual ouster sufficient to bar every defense.' So in *Wheeler* v. *Spinola* (54 N. Y., 377), the distinction even in physical elements between possession and adverse possession is recognized. To constitute the former the possession must be exclusive, while the exercise of ordinary control and dominion of the land, I think constitutes a sufficient possession from which to infer title as against strangers. I think therefore that the plaintiff established a title as against defendant.

"It is now urged that the plaintiff should be estopped from asserting his title on account of his suffering defendant to make improvements on the land. Estoppel as to the title of land can only exist where the *bona fide* improver has been led into a mistaken expenditure by the acts or connivance of the owner. Here the plaintiff cannot be justly reproached even with delay in the assertion of his claim."

Judgment should be affirmed, with costs.

*P. Cantine* and *Calvin Frost*, for the appellant.

*John H. Miller* and *Edward Wells*, for the respondent.

Opinion by CULLEN, J.

Present — BARNARD, P. J., GILBERT and CULLEN, JJ.

Judgment affirmed, with costs.